# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## YOUNGSTOWN DIVISION

| | | |
|---|---|---|
| **PATRICE ELLIS, and GLADYS** | § | Civil Action No. _____ |
| **SIFUENTES, Individually and on** | § | |
| **behalf of all others similarly situated,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| **VXI GLOBAL SOLUTIONS, LLC,** | § | |
| | § | **CLASS ACTION PURSUANT TO** |
| *Defendant.* | § | **FED. R. CIV. P. 23(b)** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs Patrice Ellis and Gladys Sifuentes bring this action individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and the Putative Class Members" or "Plaintiffs and the FLSA Collective Members") who worked for VXI Global Solutions, LLC (hereinafter "Defendant" or "VXI"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03, 4111.10, the Ohio Prompt Pay Act ("OPPA"), and O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"), and Texas common law.

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while their respective state law claims are asserted as class actions under Federal Rule of Civil Procedure 23(b)(3).

# I.
## OVERVIEW

1.      This lawsuit includes a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and class actions arising under the state laws of Ohio and Texas pursuant to Federal Rule of Civil Procedure 23, to recover unpaid wages, overtime wages, and other applicable penalties.

2.      Plaintiffs and the Putative Class Members are those similarly situated persons who have worked for VXI, anywhere in the United States within the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of the FLSA and state law.

3.      VXI has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work off-the-clock and without pay.

4.      VXI's company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.       VXI has knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis in the last three years.

7.      Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or relevant state law.

8.      Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Ohio and Texas state-law claims as class actions pursuant to Federal Rule of Civil Procedure 23.

9.      Plaintiffs pray that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10.     Plaintiffs also pray that the Rule 23 classes be certified as defined herein, that Plaintiff Ellis designated herein be named as Class Representative for the Ohio Class, and Plaintiff Sifuentes designated herein be named as Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11.     Plaintiff Patrice Ellis ("Ellis") was employed by VXI in Youngstown, Ohio during the relevant time period. Plaintiff Ellis did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12.     Plaintiff Gladys Sifuentes ("Sifuentes") was employed by VXI in Lubbock, Texas during the relevant time periods. Plaintiff Sifuentes did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

13.     The FLSA Collective Members are those current and former hourly call-center employees who were employed by VXI at any time from April 18, 2016 through the final disposition

---

[1]  The written consent of Patrice Ellis is hereby attached as Exhibit "A."

[2]  The written consent of Gladys Sifuentes is hereby attached as Exhibit "B."

of this matter, and have been subjected to the same illegal pay system under which Plaintiffs Ellis and Sifuentes worked and were paid.

14.     The Ohio Class Members are those current and former hourly call-center employees who were employed by VXI in the State of Ohio at any time from April 18, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Ellis worked and was paid.

15.     The Texas Common-Law Class Members are those current and former hourly call-center employees who were employed by VXI in the State of Texas at any time from April 18, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Sifuentes worked and was paid.

16.     Defendant VXI Global Solutions, LLC ("VXI" or "Defendant") is a foreign limited liability company, licensed to and doing business in Ohio, and can be served with process through its registered agent: **Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.**

### III.
### JURISDICTION & VENUE

17.     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18.     This Court has supplemental jurisdiction over the additional state-law claims pursuant to 28 U.S.C. § 1367.

19.     This Court has personal jurisdiction over VXI because the cause of action arose within this District as a result of VXI's conduct within this District and Division.

20.     Venue is proper in the Northern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21.     Specifically, VXI has maintained a working presence throughout the State of Ohio (and the United States), and Plaintiff Ellis worked in Youngstown, Ohio throughout her employment with VXI, all of which are located within this District and Division.

22.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

23.     VXI employs non-exempt workers in its call centers to provide assistance to VXI's clients. VXI is headquartered in Los Angeles, California, and has additional call centers in Arizona, California, and Georgia.[3]

24.     Plaintiffs and the Putative Class Members' job duties consisted of receiving telephone calls from VXI's clients and answering client inquiries and providing clients with technical support.

25.     Plaintiff Ellis was employed by VXI in Youngstown, Ohio from approximately November 2017 until April 2018.

26.     Plaintiff Sifuentes was employed by VXI in Lubbock, Texas from approximately October 2016 until May 2018.

27.     Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

28.     Plaintiffs and the Putative Class Members worked approximately forty (40) "on-the-clock" hours per week.

29.     In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members often worked up to three hours "off-the-clock" per week and have not been compensated for that time.

---

[3] https://vxi.com/about-us/.

30.     Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for VXI as a result of VXI's uniform corporate policy and practice of paying its employees only during regularly scheduled shift time, and only when their computers were fully booted up and operational.

31.     Specifically, Plaintiffs and the Putative Class Members are required to start up and log in to their computers before their shift officially starts, and then log in to each VXI program, and ensure that each VXI program is running correctly—all of which can take up to thirty minutes—before they are able to take their first phone call, which comes in as soon as their computers are fully operational.

32.     In addition, Plaintiffs and the Putative Class Members were required to arrive at work early, well in advance in of their scheduled shifts, in order to perform work for VXI.

33.     Further, Plaintiffs and the Putative Class Members' computers crashed multiple times each week and required Plaintiffs and the Putative Class Members to reset them, which took twenty minutes or more each time, in addition to the normal amount of time required to boot the computer up.

34.     Plaintiffs and the Putative Class Members were not compensated for work they performed for VXI prior to their scheduled shifts, including their computer start-up time, although they were expected to have completed their computer start up in advance of their official start time.

35.     Plaintiffs and the Putative Class Members were also not compensated for the time they worked for VXI rebooting VXI's computers after they crashed.

36.     As a result of VXI's corporate policy and practice of requiring Plaintiffs and the Putative Class Members to perform work for VXI, including their start-up and rebooting tasks, while off-the-clock before the beginning of their shifts and during their shifts, Plaintiffs and the Putative

Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

37.     VXI has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

38.     VXI is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week to Plaintiffs and the Putative Class Members, but has failed to do so.

39.     Because VXI did not pay Plaintiffs and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, VXI's pay policies and practices violate the FLSA.

40.     Because VXI did not pay Plaintiffs and the Putative Class Members for all hours they worked, VXI's pay policies and practices also violate Ohio and Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

41.     All previous paragraphs are incorporated as though fully set forth herein.

42.     The FLSA Collective is defined as:

**ALL HOURLY NON-EXEMPT CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY VXI GLOBAL SOLUTIONS, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 18, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

43.     At all times hereinafter mentioned, VXI has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

44.     At all times hereinafter mentioned, VXI has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45.     During the respective periods of Plaintiffs and the FLSA Collective Members' employment by VXI, these individuals have provided services for VXI that involved interstate commerce for purposes of the FLSA.

46.     In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

47.     Specifically, Plaintiffs and the FLSA Collective Members are non-exempt hourly call-center employees of VXI who assisted VXI's customers throughout the United States. 29 U.S.C. § 203(j).

48.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

49.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 42.

50.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of VXI.

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

51.     VXI has violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

52.     Moreover, VXI knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty each week. 29 U.S.C. § 255(a).

53.     VXI knew or should have known its pay practices were in violation of the FLSA.

54.     VXI is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

55.     Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted VXI to pay them according to the law.

56.     The decisions and practices by VXI to not pay for all hours worked and the proper amount of overtime for all hours worked over forty each week was neither reasonable nor in good faith.

57.     Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C.     COLLECTIVE ACTION ALLEGATIONS

58.     All previous paragraphs are incorporated as though fully set forth herein.

59.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of VXI's employees throughout the United States who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

60.     Other similarly situated employees of VXI have been victimized by VXI's patterns, practices, and policies, which are in willful violation of the FLSA.

61.     The FLSA Collective Members are defined in Paragraph 42.

62.     VXI's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of VXI, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

63.     Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

64.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

65.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

66.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

67.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and VXI will retain the proceeds of its violations.

68. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

69. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 42 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Ohio Acts)

**A.     OHIO ACTS COVERAGE**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. The Ohio Acts Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY VXI GLOBAL SOLUTIONS, LLC, IN THE STATE OF OHIO, AT ANY TIME FROM APRIL 18, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Ohio Acts Class" or "Ohio Acts Class Members").**

72. At all times hereinafter mentioned, VXI has been an employer within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(2).

73. At all times hereinafter mentioned, Plaintiff Ellis and the Ohio Acts Class members have been employees within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

74. Plaintiff Ellis and the Ohio Acts Class Members were or have been employed by VXI since April 18, 2017, and have been covered employees entitled to the protections of the Ohio Acts and were not exempt from the protections of the Ohio Acts.

75. The employer, VXI, is not exempt from paying overtime benefits under the Ohio Acts.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS**

76. All previous paragraphs are incorporated as though fully set forth herein.

77.     The OMFWSA requires that employees, including Plaintiff Ellis and the Ohio Acts Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

78.     The OPPA requires that VXI pay Plaintiff Ellis and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

79.     Plaintiff Ellis and the Ohio Acts Class Members were or have been employed by VXI since April 18, 2017, and have been covered employees entitled to the protections of the Ohio Acts.

80.     VXI is an employer covered by the requirements set forth in the Ohio Acts.

81.     Plaintiff Ellis and other Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

82.     Plaintiff Ellis and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, VXI violated the Ohio Acts by failing to pay Plaintiff Ellis and other Ohio Acts Class Members any overtime premium for hours worked over 40 per week.

83.     Plaintiff Ellis and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

84.     The wages of Plaintiff Ellis and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

85.     Plaintiff Ellis and the Ohio Acts Class Members have suffered damages and continue to suffer damages as a result of VXI's acts or omissions as described herein; though VXI is in

possession and control of necessary documents and information from which Plaintiff Ellis would be able to precisely calculate damages

86.     In violating the Ohio Acts, VXI acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

87.     The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 71.

88.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of VXI.

## C.     OHIO ACTS CLASS ALLEGATIONS

89.     All previous paragraphs are incorporated as though fully set forth herein.

90.     Plaintiff Ellis brings her Ohio Acts claims as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by VXI to work in Ohio since April 18, 2017.

91.     Class action treatment of Plaintiff Ellis' Ohio Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

92.     The number of Ohio Acts Members is so numerous that joinder of all class members is impracticable.

93.     Plaintiff Ellis is a member of the Ohio Acts Class, her claims are typical of the claims of other Ohio Acts Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

94.     Plaintiff Ellis and her counsel will fairly and adequately represent the Ohio Acts Class Members and their interests.

95.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class

members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

96.     Accordingly, the Ohio Acts Class should be certified as defined in Paragraph 71.

**COUNT THREE**
**(Class Action Alleging Violations of Texas Common Law)**

**A.      VIOLATIONS OF TEXAS COMMON LAW**

97.     All previous paragraphs are incorporated as though fully set forth herein.

98.     Plaintiff Sifuentes further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

99.     The Texas Common-Law Class is defined as:

> **ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY VXI GLOBAL SOLUTIONS, LLC, IN THE STATE OF TEXAS, AT ANY TIME FROM APRIL 18, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common-Law Class" or "Texas Common-Law Class Members").**

100.    Plaintiff Sifuentes and the Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of VXI. These claims are independent of Plaintiff Sifuentes' claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

101.    Plaintiff Sifuentes and the Texas Common-Law Class Members provided valuable services for VXI, at VXI's direction and with VXI's acquiescence.

102.    VXI accepted Plaintiff Sifuentes and the Texas Common-Law Class Members' services and benefited from their timely dedication to VXI's policies and adherence to VXI's schedule.

103.     VXI was aware that Plaintiff Sifuentes and the Texas Common-Law Class Members expected to be compensated for the services they provided to VXI.

104.     VXI has therefore been benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and Plaintiff Sifuentes and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit.*

**B.     TEXAS COMMON-LAW CLASS ALLEGATIONS**

105.     Plaintiff Sifuentes brings her Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by VXI in Texas since April 18, 2015. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004.

106.     Class action treatment of Plaintiff Sifuentes and the Texas Common-Law Class Members' claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

107.     The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

108.     Plaintiff Sifuentes is a member of the Texas Common-Law Class, her claims are typical of the claims of the other Texas Common-Law Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Texas Common Law Class Members.

109.     Plaintiff Sifuentes and her counsel will fairly and adequately represent the Texas Common-Law Class Members and their interests.

110.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

111.    Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 99.

## VI.
## RELIEF SOUGHT

112.    Plaintiffs respectfully pray for judgment against VXI as follows:

a.    For an Order certifying the FLSA Collective as defined in Paragraph 42 and requiring VXI to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.    For an Order pursuant to section 16(b) of the FLSA finding VXI liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.    For an Order certifying the Ohio Class as defined in Paragraph 71 and designating Plaintiff Ellis as the Class Representative of the Ohio Class;

e.    For an Order pursuant to Ohio Law awarding the Ohio Class Members all damages allowed by law;

f.    For an Order certifying the Texas Common-Law Class as defined by Paragraph 99 and designating Plaintiff Sifuentes as the Class Representative of the Texas Common-Law Class;

g.    For an Order pursuant to Texas Common Law awarding the Texas Common-Law Class Members all damages allowed by law;

f.    For an Order awarding the costs and expenses of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiffs Ellis and Sifuentes service awards as permitted by law;

j.      For an Order compelling the accounting of the books and records of VXI, at VXI's expense; and

k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 18, 2019          Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
             **Clif Alexander** (*Pro Hac Vice Anticipated*)
             Texas Bar No. 24064805
             clif@a2xlaw.com
             **Austin W. Anderson** (*Pro Hac Vice Anticipated*)
             Texas Bar No. 24045189
             austin@a2xlaw.com
             819 N. Upper Broadway
             Corpus Christi, Texas 78401
             Telephone: (361) 452-1279
             Facsimile: (361) 452-1284

**BARKAN MEIZLISH HANDELMAN
GOODIN DEROSE WENTZ, LLP**

By:     /s/ *Robert E. DeRose*
             **Robert E. DeRose** (OH Bar No. 0055214)
             bderose@barkanmeizlish.com
             **Jessica R. Doogan** (OH Bar No. 0092105)
             jdoogan@barkanmeizlish.com
             250 E. Broad St., 10th Floor
             Columbus, Ohio 43215
             Telephone: (614) 221-4221
             Fax: (614) 744-2300

*Attorneys in Charge for Plaintiffs and Putative Class
Members*